UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-709 CAS (AJWx) | Date | June 18, 2012 |
|---|---|---|---|
| Title | HITEK SOFTWARE LLC v. TIMIOS, INC., et al. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Donald Gindy | Kenneth Motolenich-Salas | |

**Proceedings:** **PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** (filed May 15, 2012)

## I.    INTRODUCTION AND BACKGROUND

On January 26, 2012, plaintiff Hitek Software LLC ("Hitek" or "plaintiff") filed the instant action against defendant Timios, Inc. ("Timios") and individuals Scott Chamberlain ("Chamberlain") and Y. Sarumaru ("Sarumaru") (collectively "defendants"). On April 3, 2012, plaintiff filed its first amended complaint ("FAC") alleging claims for: (1) copyright infringement; (2) contributory copyright infringement; (3) vicarious copyright infringement; and (4) violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1201(a). Plaintiff also requests injunctive relief. Plaintiff's claims arise out of alleged unauthorized access, reproduction, adaptation, display, and usage of plaintiff's copyrighted software called AbleFtp, Versions 7.0 and 8.0 ("AbleFtp").[1]

Plaintiff is a software company that sells its copyrighted programs over the Internet. It typically offers its programs for a limited trial period, after which time users may purchase a license to continue use of a particular program.[2] Plaintiff's Statement of Uncontroverted Material Facts ("PSUF") ¶¶ 7–8. Timios is a licensed title insurance and escrow agent to mortgage originators offering refinance, reverse mortgages, and other real estate services to large lenders throughout the United States. Id. ¶ 17. Scott

---

[1] AbleFtp provides automation in the setting of tasks, task runs, schedules, and the processing of computer files. PSUF ¶ 10.

[2] Licensees purchase a product key, which allows them to legally use AbleFtp.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-709 CAS (AJWx) | Date | June 18, 2012 |
|---|---|---|---|
| Title | HITEK SOFTWARE LLC v. TIMIOS, INC., et al. | | |

Chamberlain is a computer specialist. From March 2009 through July 19, 2010, he provided computer services to Timios as an independent contractor. Id. ¶ 18. On July 20, 2010, he was hired as a permanent employee. Id. ¶ 19. Y. Sarumaru is a computer specialist and at all relevant times was an employee of Timios. Id. ¶ 23.

 Plaintiff asserts that it has it developed a tracking system by which it can identify unauthorized users of AbleFtp. PSUF ¶ 13. Plaintiff further alleges that on August 5, 2009, its tracking system indicated that defendants Timios and Chamberlain illegally registered for the trial version of AbleFtp, and that this registration used an illegally generated product key to unlock the software to unlimited use. Id. ¶ 25. According to plaintiff, its tracking system detected another computer on the same network using the same illegally generated product key. Id. ¶¶ 28–29. In each instance, the name entered for the user was "schamberlain." Id. ¶ 29. Plaintiff asserts that its tracking system recorded further illegal usage on November 18, 2009, and that while the same fraudulent product key was used to activate the software, on this date, the name entered for the user was "Y.Sarumaru." Id. ¶ 30. Plaintiff asserts that over the course of 28 months of unauthorized use, its tracking system recorded over 5 million tasks run using the AbleFtp program. Id. ¶ 43. On December 21, 2011, plaintiff sent a letter informing Timios of its alleged unauthorized use of AbleFtp. Declaration of Timothy Splane ("Splane Decl."); Ex. 1.

 On April 17, 2012, pursuant to a stipulation between Hitek and Timios, the Court issued a permanent injunction. Dkt. No. 21. Noting "prima facie evidence of Timios' infringement of Hitek's copyright," the Court permanently enjoined defendants from:

> (a) downloading, copying, using or in any way infringing on any and all versions of Hitek's copyrighted software program, AbleFtp;
> (b) tampering with, deleting, destroying, amending, altering or failing to maintain any and all hard drives—including all internal, external and thumb-drives—of computers on which the program has been installed and/or used between August 5, 2009 and the final disposition of this case or as otherwise ordered by the Court;
> (c) Tampering with, deleting, destroying, altering or failing to maintain any discoverable electronic information, including e-mail backup tapes and network backup tapes created in the ordinary course of business between August 5, 2009, and final disposition of this case or as otherwise ordered by the Court;
> (d) Tampering with, deleting, destroying, altering or failing to maintain any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-709 CAS (AJWx) | Date | June 18, 2012 |
|---|---|---|---|
| Title | HITEK SOFTWARE LLC v. TIMIOS, INC., et al. | | |

software or hardware necessary to access, manipulate or print potentially discoverable electronic information that is either in active use or has been archived or backed up; and
(e) Tampering with, deleting, destroying, altering or failing to maintain any and all business or accounting records including electronic and hard copies, relating to use and/or the benefits of using of Plaintiff's software, AbleFtp.

Dkt. No. 21 at 2–3.

Plaintiff filed the instant motion for partial summary judgment as to defendants' liability on May 15, 2012. Defendants filed their opposition on May 21, 2012. Plaintiff filed its reply on June 4, 2012. The Court heard oral argument on June 18, 2012. After considering the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-709 CAS (AJWx) | Date | June 18, 2012 |
|---|---|---|---|
| Title | HITEK SOFTWARE LLC v. TIMIOS, INC., et al. | | |

of law. See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

### III. DISCUSSION

Plaintiff argues that the Court's finding to the effect that there exists "prima facie evidence" of copyright infringement, to which Timios stipulated, establishes Timios' liability. Mot. at 5. Plaintiff further argues that the installation and use of the AbleFtp program by Scott Chamberlain and Y. Sarmaru make Timios liable for contributory, vicarious, and direct copyright infringement. Id. at 7–11. Plaintiff also argues that summary judgment is appropriate as to its claim for violation of the DMCA.[3]

In opposition, defendants assert that genuine issues of material fact concerning their knowledge of the infringement and Timios' ability to supervise Chamberlain preclude the entry of summary judgment for plaintiff. Opp'n at 3–8. Defendants also maintain that a genuine issue of material fact exists regarding when plaintiff learned of the alleged infringement and why it failed to stop it, implicating the equitable defenses of laches and failure to mitigate damages. Id. at 8–12.

As an initial matter, the Court rejects plaintiff's argument that Timios' stipulation as to the existence of "prima facie evidence" of copyright infringement in the stipulated permanent injunction conclusively establishes its liability. Although Timios agreed that there is evidence of copyright infringement, that stipulation does not amount to an admission of liability. The Court next addresses each of defendants' arguments in turn.

---

[3] Because the Court's findings as to contributory and vicarious liability apply equally to plaintiff's claim for violation of the DMCA, the Court does not separately address this claim.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-709 CAS (AJWx) | Date | June 18, 2012 |
|---|---|---|---|
| Title | HITEK SOFTWARE LLC v. TIMIOS, INC., et al. | | |

### A. Contributory Liability

As to plaintiff's claim for contributory copyright infringement, defendants contend that neither Timios nor Sarumaru were aware that Timios was using AbleFtp without authorization until it was so informed by plaintiff in its December 21, 2011 letter. Opp'n at 3 (citing Splane Decl. ¶¶ 5, 7, 11, 14, Ex. 1; Declaration of Y. Sarumaru ("Sarumaru Decl.") ¶¶ 6–8). Defendants also argue that Chamberlain was an independent contractor when he brought to Timios the AbleFtp program he used at a previous employer, Lender's First Choice, such that neither Timios nor Sarumaru played any material part in the unauthorized loading of AbleFtp onto Timios' computer system and its subsequent use. Id. at 4–5 (citing Splane Decl. ¶¶ 7, 9–14; Declaration of Scott Chamberlain ("Chamberlain Decl.") ¶¶ 6, 8, 12). Therefore, defendants contend that a triable issue of fact exists with respect to Timios' knowledge and participation such that plaintiff is not entitled to summary judgment on its contributory copyright infringement claim. Id. at 5.

In reply, plaintiff argues that as a "highly qualified software expert," Sarumaru "obviously knew" that Timios' use of AbleFtp was unauthorized. Reply at 5. Further, plaintiff argues that Sarumaru also worked at Lender's First Choice, Chamberlain's previous employer, and therefore that he must have known that the AbleFtp program that Chamberlain installed required a license and that Chamberlain had not acquired one. Id. at 6.

The Court finds that a triable issue of material fact as to defendants' knowledge precludes summary judgment as to plaintiff's claim for contributory copyright infringement.

"One who, with knowledge of the infringing activity, induces, causes or materially contributes to the infringing conduct of another, may be held liable as a 'contributory' infringer." Fonovisa, Inc. v. Cherry Auction, Inc., 76 F.3d 259, 264 (9th Cir. 1996) ("Fonovisa I") (citation omitted). A plaintiff must show that a defendant had knowledge of or had reason to know about direct infringement by a third party and that it substantially contributed to the infringing activities. A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1013 n.2, 1019 (9th Cir. 2001).

Here, when viewed in the light most favorable to defendants, the evidence indicates that Timios and Sarumaru were not aware and had no reason to know that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-709 CAS (AJWx) | Date | June 18, 2012 |
|---|---|---|---|
| Title | HITEK SOFTWARE LLC v. TIMIOS, INC., et al. | | |

Chamberlain was using AbleFtp without authorization until they were so informed by plaintiff's December 21, 2011 letter. If Timios and Sarumaru were indeed unaware of any unauthorized use of AbleFtp, they could not have "knowingly contribute[d] to the infringing conduct." Fonovisa, Inc. v. Napster Inc., 2002 U.S. Dist. LEXIS 4270, at *12–13 (N.D. Cal. Jan. 28, 2012) ("Fonovisa II"). Whether or not Sarumaru's status as a "software expert" or his previous employment with Lender's First Choice, means that he knew or had reason to know that Timios' use of AbleFtp was unauthorized presents a question of fact, and cannot be decided by the Court as a matter of law. Cf, Flava Works, Inc. v. Gunter, 2011 U.S. Dist. LEXIS 50067, at *11 (N.D. Ill. May 10, 2011) (no triable issue as to the knowledge element where a party was notified of specific infringing uses of its technology and failed to prevent future infringing uses).

    B.    **Vicarious Liability**

    Defendants argue that summary judgment is inappropriate as to plaintiff's claim for vicarious copyright infringement because a genuine issue of material fact exists as to whether Timios had the right or ability to supervise Chamberlain at the time of the alleged infringement. Opp'n at 5–8. Specifically, defendants argue that from March 20, 2009, through July 19, 2010, Chamberlain was an independent contractor for Timios hired to oversee in part Timios' file transfer process in its business operations. Id. at 5–6 (citing Chamberlain Decl. ¶¶ 4–12.) Defendants contend that because Chamberlain was an independent contractor, who exercised "independent skill and judgment," Timios did not have the right or ability to supervise his actions, including any alleged copyright infringement that occurred when he loaded AbleFtp onto Timios' computer system. Id. at 6.

    In reply, plaintiff argues that Sarumaru's "unquestioned authority" over the Timios computer system belies defendants' contention that they lacked the ability to supervise Chamberlains actions even during the period in which he was an independent contractor. Reply at 10. Further, plaintiff argues that Timios admits that it had the right and ability to supervise Chamberlain after he was made a permanent employee on July 20, 2010, and that it had the right and ability to supervise Sarumaru at all relevant times. Id. at 12 (citing Dkt No. 32 (Defendants' Answer) ¶ 35).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-709 CAS (AJWx) | Date | June 18, 2012 |
|---|---|---|---|
| Title | HITEK SOFTWARE LLC v. TIMIOS, INC., et al. | | |

The Court finds that for the period in which Chamberlain was an independent contractor, this is a triable issue of material fact as to plaintiff's claim for vicarious liability.

Vicarious liability "allows imposition of liability when the defendant profits directly from the infringement and has a right and ability to supervise the direct infringer, even if the defendant initially lacks knowledge of the infringement." Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 545 U.S. 913, 125 S. Ct. 2764, 2776 n.9 (2005); see also Ellison v. Robertson, 357 F.3d 1072, 1076 (9th Cir. 2004) ("A defendant is vicariously liable for copyright infringement if he enjoys a direct financial benefit from *another's* infringing activity and 'has the right and ability to supervise' the infringing activity") (emphasis in original) (quoting A & M Records, 239 F.3d at 1013).

Here, Chamberlain specifically denies that Sarumaru or any other employee at Timios had the ability to direct or control his work as an independent contractor. Chamberlain Decl. ¶ 8. While plaintiff contends that there is "nothing" in Chamberlain's consulting agreement that "isolates" him from Sarumaru's control, reply at 12, this presents a question of fact not appropriate for resolution as a matter of law. This is so even though a defendant's ability "to block or police use of its internet service is *evidence* of the right and ability to supervise." A&M Reocrds, 239 F.3d at 1023–24 (emphasis added). While Timios does not deny its ability to block access to its network, this fact does not conclusively establish its right and ability to supervise Chamberlain's work.[4]

However, defendants admit, as they must, that they had the right and ability to control Chamberlain once he became a direct employee on July 20, 2010. See Dkt No. 23 ¶ 35. Likewise, Timios admits that it had the right and ability to "oversee, govern, control, and direct" the actions of defendant Sarumaru at all relevant times. Id. Accordingly unless defendants' affirmative defenses of laches or failure to mitigate

---

[4] The Court rejects defendants' alternative argument that a disputed question of fact concerning their knowledge of Chamberlain's infringing activity precludes summary judgment. Opp'n at 7–8. "Lack of knowledge that the primary actor is actually engaged in infringing conduct is not a defense" to vicarious copyright infringement. 3 Melville B. Nimmer and David Nimmer, NIMMER ON COPYRIGHT § 12.04[A][2] (Matthew Bender, Rev. Ed.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-709 CAS (AJWx) | Date | June 18, 2012 |
|---|---|---|---|
| Title | HITEK SOFTWARE LLC v. TIMIOS, INC., et al. | | |

preclude a finding of liability as a matter of law, plaintiff is entitled to summary judgment as to Timios' liability for Sarumaru's actions and for Chamberlain's actions beginning when he became a direct employee. The Court now turns to those issues.

    **C.    Laches**

Defendants argue that plaintiff's failure to take action until December 21, 2011, despite its knowledge of the potential violation of its copyright nearly two and a half years earlier, raises genuine issues of triable material fact as to whether the doctrine of laches precludes summary judgment. Opp'n at 8–12.

Plaintiff replies that its delay was not unreasonable, and that defendants have not been caused prejudice. Reply at 13–17.

The Court finds that defendants' laches defense fails as a matter of law. To demonstrate laches, the "defendant must prove both an unreasonable delay by the plaintiff and prejudice to itself." Coveau v. Am. Airlines, Inc., 218 F.3d 1978, 1083 (9th Cir. 2000). Court recognize "two chief forms of prejudice in the laches context—evidentiary and expectations-based." Danjaq LLC v. Sony Corp., 263 F.3d 942, 955 (9th Cir. 2001) (citations omitted). "Evidentiary prejudice includes such things as lost, stale, or degraded evidence or witness whose memories have faded or who have died." Id. "A defendant may also demonstrate prejudice by showing that it took actions or suffered consequences that it would not have, had the plaintiff brought suit promptly." Id. (citation omitted). In this case, regardless of the reasonableness or unreasonableness of plaintiff's delay in filing suit, defendants do not contend that they were prejudiced by this delay. This failure is fatal to defendants' laches defense.

    **D.    Failure to Mitigate**

Defendants also contend that plaintiff's delay in brining this suit implicates the doctrine of mitigation of damages and therefore precludes summary judgment. Opp'n at 11. The Court disagrees. "As a broad proposition, injured parties are expected to mitigate the damages they suffer." Sangster v. United Airlines, Inc., 633 F.2d 864, 867 (9th Cir. 1980). "[A]n injured party with an otherwise valid claim who fails to mitigate its damages may not recover those damages shown to have resulted from its failure to use reasonable efforts to avoid or prevent the loss." Gener-Villar v. Adcom Group, Inc., 560

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-709 CAS (AJWx) | Date | June 18, 2012 |
|---|---|---|---|
| Title | HITEK SOFTWARE LLC v. TIMIOS, INC., et al. | | |

F. Supp. 2d 112, 133–35 (D.P.R. 2008) (citations omitted). While a question of fact may exist as to whether plaintiff took reasonable efforts to prevent unauthorized use of AbleFtp, the resolution of this question goes to the amount of damages, if any, that plaintiff may recover rather than to defendants' liability.

## V. CONCLUSION

In accordance with the foregoing, the Court hereby DENIES in part and GRANTS in part plaintiff's motion for summary judgment. Specifically, the Court DENIES plaintiff's motion as to its claim for contributory copyright infringement. The Court also DENIES plaintiff's motion as to its claim for vicarious liability for defendant Chamberlain's actions prior to his hiring as a direct employee. However, the Court GRANTS plaintiff's motion as to its claim against Timios for vicarious copyright infringement for defendant Sarumaru's actions and for defendant Chamberlain's actions in the period after he was hired as a direct employee.

IT IS SO ORDERED.

| | 00 | : | 03 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |