| | |
|---|---|
| DONALD M. GINDY PLC | WEISS & MOY, P.C. |
| Donald M. Gindy (SBN 45228) | Jeffrey Weiss (CA SBN 254948) |
| don@gindylaw.com | jweiss@weissiplaw.com |
| 1880 Century Park East, Suite 615 | 8383 Wilshire Blvd., Suite 510 |
| Los Angeles, CA 90067-1622 | Beverly Hills, CA 90211 |
| Tel: 310.772.0585; Fax: 310.772.0018 | |
| Attorney for Plaintiff Hitek Software LLC | Ken Motolenich-Salas (*pro hac vice*) |
| | kmotolenich@weissiplaw.com |
| | 4204 N. Brown Avenue |
| | Scottsdale, AZ 90266 |
| | Tel: (480) 994-8888, Fax: (480) 947-2663 |
| | Attorneys for Defendant Timios, Inc. Scott Chamberlain, and Yutaka Sarumaru |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| HITEK SOFTWARE LLC, a California limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> TIMIOS, INC., a California corporation; SCOTT CHAMBERLAIN, an individual; Y. SARUMARU, an individual; DOES 1-10, inclusive, <br><br> Defendants. | Case No. CV-12-00709-CAS (AJWx) <br><br> **PROTECTIVE ORDER** |

WHEREAS the Parties, Plaintiff Hitek Software, LLC ("Hitek") and Defendants Timios, Inc., Scott Chamberlain, and Yutaka Sarumaru (collectively "Defendants"), hereby acknowledge that certain documents and other information

being produced in this litigation include confidential, proprietary and/or trade secret information relating to the business of each Party ("Confidential Material"), which, if disclosed, would harm the Party's business, commercial, or financial interests; and

WHEREAS the Parties desire to expedite the flow of discovery material, and facilitate the prompt resolution of disputes over confidentiality of discovery materials; and

WHEREAS the Parties desire to adequately protect information the Parties are entitled to keep confidential as well as ensure that only such materials are subject to special treatment; and

WHEREAS the Parties respectfully submit that protection of this Confidential Material will protect the Parties from unfair competition, burden, and expense;

IT IS HEREBY STIPULATED AND AGREED, by and between the Parties that the following Order should be entered by the Court, in accordance with Rule 26(c) of the Federal Rules of Civil Procedure ("Protective Order").

The following terms and conditions shall govern the use and treatment of documents, materials, items, tangible things, and/or information produced by Parties or non-Parties in this lawsuit:

1. **Good Cause Statement**: The Parties believe that good cause exists for the entry of this Protective Order because documents and things designated as Confidential Material hereunder constitute trade secret, proprietary or other confidential information the disclosure of which is likely to have the effect of harming the competitive position of the designating Party or violating an obligation of confidentiality to a third party.

2. **Scope**: All documents and tangible things that contain or comprise confidential, proprietary and/or trade secret information, including sensitive research, development or commercial information within the scope of Rule

26(c)(1)(G) of the Federal Rules of Civil Procedure that are produced either by a Party or by a non-Party to or for any of the Parties or their experts shall be governed during discovery in this action by this Protective Order ("Protected Material").

3.  **Confidential Information**: Any party to this litigation and any third-party shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure.  Any party to this litigation or any third party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO DISCOVERY PROTECTIVE ORDER" (hereinafter "Confidential Material").

4.  **Use of Confidential Information**: Material produced and marked as Confidential Material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 5, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court.  It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential Material, provided that such advice and opinions shall not reveal the content of

such Confidential Material except by prior written agreement of counsel for the parties, or by Order of the Court.

     5. **<u>Permitted Recipients of Confidential Material</u>**: Confidential Material and the contents of Confidential Material may be disclosed only to the following individuals under the following conditions:

     a. Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

     b. Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Attachment A;

     c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

     d. The Court and court personnel, in the manner prescribed by Paragraph 14;

     e. Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was personally involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

     f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

     g. The parties. In the case of parties that are corporations or other business entities, "party" shall mean only executives and other employees of a party who are required to participate in decisions with reference to this lawsuit.

Confidential Material shall be used only by individuals permitted access to it under this paragraph 5. Confidential Material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

6. **Use of Confidential Material at Depositions**: With respect to any depositions that involve a disclosure of Confidential Material of a party to this action, such party shall inform all parties either at the time of the deposition or within five (5) days after receipt of the deposition transcript that portions of the transcript are to be designated Confidential, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 5(a), (b), (c), (d) and (f) above and the deponent during these five (5) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 5(a), (b), (c), (d) and (f) above during said five (5) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with this Order.

7. **Attorneys' Eyes Only Material**: Any party to this litigation and any third-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any third party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or

testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY -SUBJECT TO DISCOVERY PROTECTIVE ORDER" (hereinafter "Attorneys' Eyes Only Material"").

8. **<u>Use of Attorneys' Eyes Only Material</u>**: Attorneys' Eyes Only Material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 9, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Attorneys' Eyes Only Material, provided that such advice and opinions shall not reveal the content of such Attorneys' Eyes Only Material except by prior written agreement of counsel for the parties, or by Order of the Court.

9. **<u>Permitted Recipients of Attorney's Only Material</u>**: Attorneys' Eyes Only Material and the contents of Attorneys' Eyes Only Material may be disclosed only to the following individuals under the following conditions:

   a. Outside counsel (herein defined as any attorney at the parties' outside law firms);

   b. Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Attachment B;

   c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

   d. The Court and court personnel, in the manner prescribed by Paragraph 14;

e. Any deponent may be shown or examined on any information, document or thing designated Attorneys' Eyes Only if it appears that the witness authored or received a copy of it, was personally involved in the subject matter described therein or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure; and

f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials.

Attorneys' Eyes Only Material shall be used only by individuals permitted access to it under Paragraph 9. Attorneys' Eyes Only Material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

10. **Use of Attorneys' Eyes Only Material at Depositions** With respect to any depositions that involve a disclosure of Attorneys' Eyes Only Material of a party to this action, such party shall inform all parties either at the time of the deposition or within five (5) days after receipt of the deposition transcript that portions of the transcript are to be designated Attorneys' Eyes Only, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 9(a), (b), (c), (d) and (f) above and the deponent during these five (5) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 9(a), (b), (c), (d) and (f) above during said five (5) days. Upon being informed that certain portions of a

deposition are to be designated as Attorneys' Eyes Only, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with the provisions set forth herein.

11. **Challenges to Designation of Protected Material**

a. **Timing of Challenges**: Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

b. **Meet and Confer**: The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

c. **Judicial Intervention**: If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 37 (and in compliance with Civil Local Rule 79-5.1, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in paragraph 11(b). Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by paragraph 11(b).

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose. (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

12. **Inadvertent Disclosure of Protected Non-Privileged Material**: To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Protected Material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of

disclosure, shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all Parties to whom the material was disclosed that the material should have been designated Confidential or Attorneys' Eyes Only within a reasonable time after discovery of the inadvertent disclosure. Such notice shall constitute a designation of the information, document or thing as Confidential or Attorneys' Eyes Only under this Order. When the inadvertent or mistaken disclosure of any Protected Material is discovered by the Producing Party and brought to the attention of the Receiving Party, the Receiving Party's treatment of such materials shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the Receiving Party to challenge the Producing Party's designation of Protected Material within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

In addition, pursuant to Federal Rule of Evidence 502(d). the Court orders that a privilege or protection is not waived by: (i) inadvertent disclosure connected with the litigation pending before the Court, in which event the disclosure is also not a waiver in any other federal or state proceeding, or (ii) disclosure pursuant to any agreement the parties reach for asserting claims of privilege or of protection after information is disclosed or produced (see FRCP 16(b)(3)(B)(iv)) connected with the litigation pending before the Court in which event the disclosure is also not a waiver in any other federal or state proceeding.

13. **<u>Court Filing of Protected Material</u>**: Without written permission from the Designating Party or a Court order secured after appropriate notice to all

interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.1. Protected Material may only be filed under seal with prior approval by the Court. Pursuant to the Court's Orders, a party seeking to seal a non-dispositive motion need only make a "particularized showing" that "good cause" exists to seal the document citing (*Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006)). However, "judicial records attached to a dispositive motion" will not be sealed absent "compelling reasons" [*Kamakana*, 447 F.3d at 1179]. Further, if and when a Party files any evidence as Protected Material under seal according to the procedure described above, all papers that refer to or rely upon such Protected Material shall designate the particular aspects that are to be treated as confidential (i.e., "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to enable the Court, in drafting orders, to determine whether there is evidence which the Court should attempt not to disclose.

14. **Treatment of Protected Material at Hearing**: At any hearing relating to this action before trial before any judicial officer, subject to the rules of evidence and an order of the Court, a Party may use any Confidential Material for any purpose relating to such hearing. The use of the Confidential Material in this Court shall not affect its coverage by this Protective Order or constitute a waiver of confidentiality with respect thereto. The Parties reserve the right to seek relief from the Court, either prior to or at a hearing in which Confidential Material may be utilized, to either close the courtroom or to otherwise seek appropriate relief.

15. **Pretrial Order**: The pretrial order submitted by the parties in this action shall address the treatment at trial of documents, information or testimony designated "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order unless the confidentiality of such information has been removed by

agreement of counsel or by this Court in accordance with the provisions of this Protective Order.

16. **Exclusion from Protected Status**: No information that is in the public domain or which is already known by the receiving party through proper means or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential Material or Attorneys' Eyes Only Material under this Order.

17. **Right to Further Relief**: Nothing in this Order abridges the right of any Party to seek its modification by the Court in the future.

18. **Preservation of Objections**: This Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground.  This Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

19. **Survival of Protective Order**: This Protective Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the Parties filed with the Court.

20. **Termination of Action**: Upon final conclusion of this action, each Party or other individual subject to the terms of this Order shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential Material or Attorneys Eyes Only Material and to destroy, should such source so request, all copies of Confidential Material or Attorneys Eyes Only Material, as well as excerpts, summaries and digests revealing Confidential Material or Attorneys Eyes Only Material; provided, however, that counsel may retain complete copies of all transcripts and pleadings including any exhibits attached thereto for archival purposes, subject to the provisions of this Protective Order.  To the extent a Party

requests the return of Confidential Material or Attorneys Eyes Only Material from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom and all related proceedings, the Party shall file a motion seeking such relief.  Final conclusion shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

IT IS SO STIPULATED.

Dated:  August 7, 2012.

**DONALD M. GINDY PLC**            **WEISS & MOY, P.C**

Attorneys for Plaintiff                     Attorneys for Defendants

By: s/Donald M. Gindy                  By: s/Kenneth M. Motolenich-Salas
Donald M. Gindy                             Kenneth M. Motolenich-Salas

**IT IS SO ORDERED this   9th   day of  August, 2012.**

United States  Magistrate Judge

# ATTACHMENT A: AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I,_____, being duly sworn, state that:

1. My address is
_____.

2. My present employer is _____and the address of my present employment is,_____.

3. My present occupation or job description is _____.

4. I have carefully read and understood the provisions of the Discovery Protective Order in this case signed by the Court, and I will comply with all provisions of the Discovery Protective Order.

5. I will hold in confidence and not disclose to anyone not qualified under the Discovery Protective Order any Confidential Material or any words, summaries, abstracts, or indices of Confidential Material disclosed to me.

6. I will limit use of Confidential Material disclosed to me solely for purpose of this action.

7. No later than the final conclusion of the case, I will return all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

_____
[NAME]

**ATTACHMENT B: AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I,_____, being duly sworn, state that:

1. My address is _____.

2. My present employer is _____and the address of my present employment is,_____.

3. My present occupation or job description is _____.

4. I have carefully read and understood the provisions of the Discovery Protective Order in this case signed by the Court, and I will comply with all provisions of the Discovery Protective Order.

5. I will hold in confidence and not disclose to anyone not qualified under the Discovery Protective Order any Attorneys' Eyes Only Material or any words, summaries, abstracts, or indices of Attorneys' Eyes Only Material disclosed to me.

6. I will limit use of Attorneys' Eyes Only Material disclosed to me solely for purpose of this action.

7. No later than the final conclusion of the case, I will return all Attorneys' Eyes Only Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____        _____
                                                            [NAME]

# PROOF OF SERVICE

I am over the age of eighteen years and not a party to this action. My business address is Weiss & Moy, P.C., 4204 N. Brown Avenue, Scottsdale, Arizona 85251. On August 7, 2012, I served the following document, entitled:

# [PROPOSED] PROTECTIVE ORDER

on all interested parties to this action, in the manner prescribed as follows:

DONALD M. GINDY
A PROFESSIONAL LAW CORP.
1880 Century Park East, Suite 615
Los Angeles, CA 90067-1622
Tel: (310) 772-0585
Fax: (310) 772-0018
don@gindylaw.com

*Attorney for Plaintiff Hitek Software LLC*

_X_ **CM/ECF**: I electronically transmitted the above document to the Clerk's Office using the CM/ECF System for filing, which transmits a Notice of Electronic Filing to the CM/ECF registrants listed above.

__ **MAIL**: I placed true and correct copies of the document(s) in sealed envelope(s) addressed to the above addressee(s). I am readily familiar with Weiss & Moy, P.C.'s practice for collecting and processing of correspondence for mailing with the United States Postal Service, said practice being that, in the ordinary course of business, correspondence with postage fully prepaid is deposited with the United States Postal Service the same day as it is placed for collection.

__ **FAX**: I caused the within document to be transmitted via facsimile transmission to the above addressee(s) at the above facsimile number(s) before 5:00 p.m. Pacific Time on the above date.

__ **EMAIL**: I transmitted true copies of the within document electronically by means of email to the above addressee(s) at the above email address(es).

__ **HAND**: I caused the within document to be hand-delivered to the above addressee(s) at the above address(es).

[Proposed] Protective Order                                    Case No. CV12-0709 CAS(AJWx)

1  __**FEDEX**:  I caused the within document to be delivered by Federal Express to the above addressee(s) at the above address(es).

2  Executed on this 7th day of August, 2012 at Scottsdale, Arizona.

3           By: <u>/s/Kenneth M. Motolenich-Salas</u>

4              Kenneth M. Motolenich-Salas

4